IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BENNIE CARL SWAIN, # 120357, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civil Action No. 2:12cv497-TMH |
| | ) (WO) |
| WILLIE THOMAS, *et al.*, | ) |
| | ) |
| Respondents. | ) |

# O R D E R

This cause is before the court on a petition for habeas corpus relief pursuant to 28 U.S.C. § 2254, in which the petitioner contends that his constitutional right to due process was violated in proceedings that resulted in the revocation of his state parole. In their answer (Doc. No. 7), the respondents assert, among other things, that the petitioner has failed to exhaust state remedies with respect to each claim presented in his habeas petition. Specifically, the respondents assert that the petitioner has not properly exhausted his claims related to his parole revocation and his claim that § 15-22-32, Ala. Code 1975, is unconstitutional. Doc. No. 7 at 6 and 9-11. The respondents maintain that the petitioner may still present these claims in the state courts by asserting them in a common-law petition for writ of certiorari – submitted with the required filing fee or with proper documentation in support of an in *forma pauperis* request – filed in the Circuit Court of Montgomery County, Alabama. *Id*. Alternatively, the respondents assert that federal review of the petitioner's

claims is barred by the procedural-default doctrine because the last state court to review the claims stated that its judgment rested on a procedural bar, and that bar provides an adequate and independent state ground for denying relief. *Id*. at 12-15. *Atkins v. Singletary*, 965 F.2d 952, 955 (11th Cir. 1992); *see Harris v. Reed*, 489 U.S. 255, 264 n.10 (1989). In addition, the respondents assert that the Alabama Supreme Court's denial of the petitioner's petition for writ of mandamus was correct. *See Williams v. Taylor*, 529 U.S. 362 (2000).

The law directs that a petition for writ of habeas corpus filed by "a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the [convicting] State...." 28 U.S.C. § 2254(1)(b)(1)(A). Upon review of the pleadings filed in this case, it appears that the petitioner has not yet exhausted his available state court remedies with respect to his claims related to his parole revocation and his claim that § 15-22-32, Ala. Code 1975, is unconstitutional. This court does not deem it appropriate to rule on the merits of the petitioner's claims without first requiring that the petitioner exhaust state remedies. *See* 28 U.S.C. § 2254(1)(b)(2). Moreover, it does not appear that a stay of this case is warranted pending the outcome in state court of the petitioner's unexhausted claim, as there is nothing before this court that indicates "good cause for the petitioner's failure to exhaust his claims first in state court." *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005).

Accordingly, it is

ORDERED that on or before July 31, 2012, the petitioner shall show cause why this

petition should not be dismissed for his failure to exhaust available state remedies.

Done this 9th day of July, 2012.


                                                      /s/ Charles S. Coody
                                            CHARLES S. COODY
                                            UNITED STATES MAGISTRATE JUDGE