IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BENNIE CARL SWAIN, # 120357, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>WILLIE THOMAS, *et al.*, )<br>)<br>Respondents. ) | Civil Action No. 2:12cv497-WHA<br>(WO) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This case is before the court on a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254 filed by Alabama prisoner Bennie Carl Swain ("Swain") on June 3, 2012. (Doc. No. 1.)  Swain challenges the revocation of his parole on August 23, 2010.

**I.  BACKGROUND**

Swain was convicted of murder in January 1979 in the Circuit Court of Talladega County, Alabama.  (Doc. No. 7-2 at 17.)  He received a life sentence, but was granted parole in April 2008.  (*Id*.)

On July 24, 2010, officers with the Sylacauga Police Department arrested Swain on charges of third-degree domestic violence and reckless endangerment.  (Doc. No. 7-2 at 18.) Swain's parole officer filed a parole-violation report with the Alabama Board of Pardons and Paroles ("Board") alleging Swain had violated the conditions of his parole by committing a new criminal offense.  (*Id*. at 18-19.)  A parole-court hearing was held on August 10, 2010. Based on the evidence, the hearing officer found Swain guilty of violating the conditions of his parole and recommended that his parole be revoked.  (*Id*. at 22-25.)  On August 23, 2010, after

considering the evidence presented at parole court and the findings and recommendation of the hearing officer, the Board revoked Swain's parole. (Doc. No. 7-16.)

On April 28, 2011, Swain filed a petition for a common-law writ of certiorari in the Circuit Court of Montgomery County, Alabama, alleging that the Board had denied him due process in revoking his parole. (Doc. No. 7-2 at 1-16.) That same day, Swain filed an affidavit of substantial hardship seeking to proceed with his case *in forma pauperis*. (Doc. No. 7-3.) On September 8, 2011, the circuit court entered an order denying Swain's application to proceed *in forma pauperis* because Swain failed to include a copy of a prison-account statement showing his financial status with his affidavit of substantial hardship. (Doc. No. 7-5 at 2.) Swain filed a motion for reconsideration on September 22, 2011, again without including a copy of his prison-account statement. (Doc. No. 7-6.) The circuit court denied the motion for reconsideration on January 6, 2012. (Doc. No. 7-7.)

On November 3, 2011, Swain filed a petition for writ of mandamus in the Alabama Court of Criminal Appeals challenging the circuit court's denial of his application to proceed *in forma pauperis* in his challenge to his parole revocation and claiming he was denied access to the courts. (Doc. No. 7-9.) Swain argued he was not required to provide a copy of his prison-account statement to support his request to proceed *in forma pauperis* and sought an order from the appellate court directing the circuit court to grant his application to proceed *in forma pauperis*. (*Id*.) On January 30, 2012, the Alabama Court of Criminal Appeals denied Swain's petition for writ of mandamus in an order citing *Ex parte Melton*, 837 So. 2d 819 (Ala. 2002). (Doc. No. 7-12.)

2

On February 12, 2012, Swain filed a petition for writ of mandamus in the Alabama Supreme Court, again seeking an order directing the circuit court to grant his application to proceed *in forma pauperis* in his challenge to his parole revocation. (Doc. No. 7-14.) On March 6, 2012, the Alabama Supreme Court denied Swain's petition for writ of mandamus. (Doc. No. 7-15.)

On June 3, 2012, Swain filed the instant petition for writ of habeas corpus under 28 U.S.C. § 2254, asserting claims arising from an alleged lack of due process in the parole revocation process. (Doc. No. 1.) Specifically, Swain asserts:

(1) the arresting officer failed to give him advance written notice of basis of the charge he had violated his parole;

.

(2) the Board relied on hearsay evidence in revoking his parole;

(3) the parole court prevented him from confronting the arresting officer and presenting mitigation evidence; and

(4) § 15-22-32, Ala. Code 1975, was unconstitutionally applied to him because it provides for only a single parole revocation hearing.

(Doc. No. 1 at 5-10; Doc. No. 2 at 6-17.)

The respondents argue, among other things, that Swain's § 2254 petition is time-barred under the federal limitation period in 28 U.S.C. § 2244(d). (Doc. No. 16.) After careful review of the pleadings, evidentiary materials, and applicable law, the court concludes no evidentiary hearing is required and that Swain's petition should be denied as untimely.

## II. DISCUSSION

Title 28 U.S.C. § 2244(d) provides the limitation period for federal habeas petitions and

3

states:

>   (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
>   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>   (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Here, the Board revoked Swain's parole on August 23, 2010.  Under *Brown v. Barrow*, 512 F.3d 1304 (11th Cir. 2008), the one-year limitation period for Swain to challenge the judgment of revocation ran from the date of the state parole board's decision, i.e., "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D).  *See Brown*, 512 F.3d at

1307 n.1 ("We join our sister circuits in deciding that subsection D, and not subsection A, applies in this circumstance."). Therefore, absent statutory or equitable tolling, Swain had until August 23, 2011, to file a 28 U.S.C. § 2254 petition considered timely.

In Alabama, there is no direct appeal procedure by which an inmate can appeal the Alabama Board of Pardons and Paroles' decision to revoke parole. A petition for a common-law writ of certiorari filed in the Circuit Court of Montgomery County is the proper method to challenge such a ruling by the Board. *Samuels v. Alabama Board of Pardons & Paroles*, 687 So.2d 1287 (Ala. Crim. App. 1996); *Ellard v. State*, 474 So.2d 743 (Ala. Crim. App. 1984), aff'd, 474 So.2d 758 (Ala. 1985).

Under 28 U.S.C. § 2244(d)(2), the time during which a properly filed application for state post-conviction or other collateral review is pending is not counted toward the one-year federal limitation period for filing a § 2254 petition for habeas corpus relief. Although a *properly filed* petition for a common-law writ of certiorari in the Circuit Court of Montgomery County would activate the tolling provision of 28 U.S.C. § 2244(d)(2), Swain's filing of a petition for common-law writ of certiorari in the Montgomery County Circuit Court on April 28, 2011, did not toll the limitation period under § 2244(d)(2), because his petition was not "properly filed." Because Swain, thereafter, never paid the required filing fee and never submitted documentation showing his prison-account balance with his affidavit of substantial hardship, the Montgomery Circuit Court never obtained jurisdiction to entertain his petition for common-law writ of certiorari. *See Ex parte McWilliams*, 812 So.2d 318, 321-22 (Ala. 2001) ("[T]he circuit court could not obtain subject-matter jurisdiction to consider a postconviction

5

petition without first collecting a docket fee or granting a proper request to be allowed to proceed *in forma pauperis*."); *Goldsmith v. State*, 709 So.2d 1352, 1353 (Ala. Crim. App. 1997). When seeking *in forma pauperis status*, a petitioner must submit a verified statement of substantial hardship showing he is indigent, <u>and</u> he must also submit documentation from appropriate prison officials certifying the amount of money he has in his prison account.[1] *See Ex parte Melton*, 837 So.2d 819, 822 (Ala. 2002). This, Swain failed to do.

In *Artuz v. Bennett*, 531 U.S. 4 (2000), the Supreme Court held:

> An application is "filed," as that term is commonly understood, when it is delivered to, and accepted by, the appropriate court officer for placement into the official record. And an application is "properly filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee.

531 U.S. at 8 (citations and footnote omitted). Swain's petition for common-law writ of certiorari in the Circuit Court of Montgomery County was not a "*properly filed* application for State post-conviction or other collateral review" for purposes of 28 U.S.C. § 2244(d)(2) because he failed to comply with the applicable laws and rules governing such filings.

Because Swain's petition for common-law writ of certiorari had no tolling effect under § 2244(d)(2), the one-year limitation period of § 2244(d)(1)(D) ran unabated from August 23,

---

[1] Section 12-19-70, Ala. Code 1975, requires the payment of a consolidated filing fee "at the time the complaint is filed." § 12-19-70(a), Ala. Code 1975. The fee in § 12-19-70 may "waived initially and taxed as costs at the conclusion of the case if the court finds that payment of the fee will constitute a substantial hardship." § 12-19-70(b), Ala. Code 1975. To be considered for a waiver of the filing fee based on a substantial hardship, "a verified statement of substantial hardship, signed by the plaintiff and approved by the court, shall be filed with the clerk of court." *Id*.

6

2010, to August 23, 2011, when it expired.  Although Swain filed a petition for writ of mandamus in the Alabama Court of Criminal Appeals on November 3, 2011, claiming he was denied access to the courts, that petition – even if deemed a properly filed application for state post-conviction or other collateral review – also had no tolling effect under § 2244(d)(2), because the federal limitation had already expired by the time the mandamus petition was filed. *See Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000).  The same is true for the petition for writ of mandamus Swain filed in the Alabama Supreme Court on February 12, 2012.  The limitation period had already expired before that date.

Although afforded an opportunity to do so, Swain makes no effort to demonstrate that the limitation period in his case is controlled by a subsection of the statute other than § 2244(d)(1)(D) (*see* § 2244(d)(1)(A) - (C)) or to assert a basis for equitable tolling of the limitation period in his case.  Therefore, this court finds that the limitation period expired on August 23, 2011, and his § 2254 petition filed on June 3, 2012 is untimely.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for habeas corpus relief filed by Swain be denied as untimely under 28 U.S.C. 2244(d) and that this case be dismissed with prejudice.  It is further

ORDERED that on or before **February 25, 2015,** the parties shall file objections to the said Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this

Recommendation is not a final order; therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc*., 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 11th day of February, 2015.

                                                /s/Charles S. Coody
                                      CHARLES S. COODY
                                      UNITED STATES MAGISTRATE JUDGE